Beck, J.
1. estpoppel : landlord and tenant. I. Tbis action was commenced by J. H. Tepfer, to recover upon a lease tbe rent due for tbe use of certain premises occupied by defendant. Tbe claim , . upon which the suit is based was assigned to B. F. Brown & Co., and, subsequently to tbe commencement of tbe action, tbe assignment was pleaded by an amended petition, and tbe assignee^ made parties to tbe action. By another amendment to tbe petition, tbe assignees aver that being creditors of tbe original plaintiffs, tbe defendant represented to them that she was indebted to Tepfer in tbe sum claimed by them in tbis petition, and that, upon tbe strength of such representations, they became tbe assignees of tbe claim, and she is thereby estopped to deny tbe indebtedness upon tbe lease. Tbe lease, which- is an exhibit, to tbe petition, contains a provision that, “ if defendant is stopped from selling liquors, she is to bold said Tepfer harmless on account of tbe same.” Tbe answer of defendant sets up certain payments made by defendant to Tepfer, and certain claims against him, which are pleaded as a set-off. By an amended answer defendant pleads as a defense, that tbe premises were leased to her for tbe purpose of selling intoxicating liquors contrary to law, wbicb was done with tbe knowledge of both Tepfer and Bower & Co.
Upon the trial a witness for plaintiff was permitted to testify, against defendant’s objection, that tbe assignment *573 of the claim sued on was prepared, before the bringing of this suit, with reference to a confession of judgment to be made by defendant to Bower & Co., on account of three months’ rent, and that it was attached to the papers of the suit after defendant had failed to confess judgment as agreed upon. The admission of this evidence, we understand, is assigned as error upon this appeal. The objection is upon the ground that it is not responsive to any issue formed by the pleading. ¥e think it was properly admitted upon the allegation of the petition, in regard to the representation of defendant as to her indebtedness to Tepfer. An agreement to confess judgment to the assignee upon the claim certainly may be taken as an admission of indebtedness thereon. If, -upon the faith of such representations and agreement, the assignment was accepted by Bower & Co., the evidence would tend to establish the estoppel pleaded by them.
II. An instruction asked by defendant to the effect, that, in this action, Bower & Co. cannot recover upon “any agreement made outside of the suit of Tepfer v. Sophronia Stewart, or under any agreement made in reference to a confession of judgment,” was refused. This ruling is objected to. "We think the instruction was properly refused, for the reason that we cannot discover that a recovery was sought upon any such agreements as are referred to therein. The agreements, as we understand the matter, were given in evidence to sustain Bower & Co’s right to recover on the claim for rent.
2. instruction: practice. III. Another instruction was asked for and refused which is made the ground of objection by defendant. Admitting that it is unobjectionable, all the instructions are not before us ; neither have we the evidence upon which it was based. We cannot, therefore, consider it. State v. Johnson, 19 Iowa, 231; Shophard v. Brenton, 20 id. 41.
TV. It is claimed that plaintiff cannot recover, because *574 the premises for which rent is claimed were leased for the purpose of selling intoxicating liquors contrary to law. The question here raised cannot be considered because no evidence, instructions or ruling of the court thereon are brought before us. All that we have upon the subject is the condition in the lease above stated. This by no means establishes the fact that it was contemplated, by the parties to the lease, that the selling was to be in violation of law, or that intoxicating liquors were in fact thus sold. We must presume that all questions upon that subject, if any were presented to the court below, were rightly decided.
Affirmed.